IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

DANIEL R. CHAMBERLAIN,

    *Plaintiff,*

v.                              Case No. 3:15-cv-00080

37TH PARALLEL PROPERTIES
INVESTMENT GROUP, LLC,
EDWARD P. BARRISKILL,
and
CHAD A. DOTY,

    *Defendants.*

## OPINION

Three owners of a limited liability company dispute their ownership percentages of the company. One owner brought this suit in state court against the other owners, alleging he owns eighteen percent of the company. He asks that a court find that he is an owner, officer, and manager of the company. One of the defendants removed the case to this Court under its diversity jurisdiction. Because there is a question of whether this Court has diversity jurisdiction to hear the case, this Court addresses its jurisdiction before deciding any claims on the merits.

The plaintiff, Daniel R. Chamberlain, sued 37th Parallel Properties Investment Group, LLC ("37th Parallel"), Edward P. Barriskill, and Chad A. Doty in state court. Barriskill removed this case to federal court based on diversity jurisdiction. (*See* Dk. No. 15.) Although plaintiff consented to removal (Dk. No. 19), this Court has an independent obligation to ensure it has subject matter jurisdiction. 28 U.S.C. § 1447(c). Upon reviewing the facts, the Court concludes it lacks jurisdiction and remands this case to the Henrico County Circuit Court.

## I. FACTS

Doty and Barriskill formed 37th Parallel in 2008 as equal partners. In September 2008, 37th Parallel hired Chamberlain to provide market and financial analysis, as well as modeling for its residential portfolio. In October 2010, Barriskill and Doty awarded Chamberlain an equity interest in 37th Parallel. According to the Memorandum of Understanding, Chamberlain was to receive five percent of the company per year until he owned twenty percent, reducing the interests of Barriskill and Doty pro rata. On January 15, 2011, Doty and Barriskill adopted a resolution naming Chamberlain as a principal in 37th Parallel with the title of Vice President and Chief Operating Officer. On June 25, 2011, Barriskill, Doty, and Chamberlain executed the Amended and Restated Operating Agreement as "Managing Members" and "Class C Members," designating each of their ownership interests. By 2012, Barriskill, Doty, and Chamberlain had sold ten percent of 37th Parallel's equity to third-party investors, reducing each of their ownership interests proportionately. Chamberlain owned eighteen percent of the company, and Doty and Barriskill each owned thirty-six percent.

In May 2014, Barriskill asserted that Chamberlain had no voting rights in 37th Parallel because he was not a "manager," and in August 2014, he claimed that Chamberlain had no ownership interest in 37th Parallel whatsoever.

The parties now dispute the ownership and management rights of 37th Parallel. Chamberlain seeks a declaratory judgment that he: (1) owns eighteen percent of the company; (2) serves as its Vice President and Chief Operating Officer; and (3) is a Manager of the company. Chamberlain also asserts a breach of contract claim against Barriskill.

## II. DISCUSSION

Defendant Barriskill is a citizen of California. Defendant Doty and Plaintiff Chamberlain are both citizens of Virginia. A limited liability company has the citizenship of its members, so 37th Parallel is a citizen of both Virginia and California. *See Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004). Barriskill removed the case on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). Diversity jurisdiction requires "complete diversity" between the parties, meaning that the "state of citizenship of each plaintiff must be different from that of each defendant" at the time an action commences.[1] *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir. 1999). If the "complete diversity" requirement is not met, a district court lacks subject matter jurisdiction, and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[2] 28 U.S.C. § 1447(c). Removal statutes are strictly construed against the party seeking removal, and the burden of establishing jurisdiction rests on the removing party. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). If jurisdiction is doubtful, a remand is necessary. *Id.*

---

[1] The removal statute also prohibits removal when any defendant is a citizen of the state where the action was filed, a prohibition known as the forum defendant rule. 28 U.S.C. § 1441(b)(2). In this case the complete diversity requirement and the forum defendant rule go hand in hand, because a finding of incomplete diversity would require the conclusion that one of the defendants is a Virginia citizen, which would violate the forum defendant rule.

[2] Section 1446 also requires that "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(2)(a). Nevertheless, this Court may remand a case *sua sponte* only based on jurisdictional defects, *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 198 (4th Cir. 2009), and a defendant's failure to consent to removal is a statutory defect rather than a jurisdictional defect. *See, e.g., Edwards v. Bank of New York Mellon*, No. 2:14-CV-304, 2014 WL 5594876, at *2 n.2 (E.D. Va. Oct. 31, 2014) ("Accordingly, even if removal was improper without [co-defendant's] consent, the Court cannot remand this case on that basis because Plaintiffs failed to raise the issue in their motion.").

To determine the existence of subject matter jurisdiction, a court may look into the pleadings *sua sponte* to discover the real interests of the parties. Here, a quick review of the facts shows that diversity of citizenship does not exist. The courts, however, have recognized three exceptions to the strict requirement of diversity: (1) a court may ignore the citizenship of nominal parties; (2) a court may dismiss parties fraudulently joined; and (3) a court may realign the parties based on their true interests. Now united in their effort to keep the case in this Court, the parties argue that each of these three exceptions applies here. For the reasons discussed below, the Court concludes that none of these exceptions apply and that the parties lack complete diversity of citizenship.

### A. Nominal Parties

When determining the citizenship of the parties for the purpose of diversity jurisdiction, "a federal court must disregard *nominal* or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) (emphasis added). A nominal party "means simply a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal." *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013). In determining nominal party status, "[t]he key inquiry is whether the suit can be resolved without affecting the . . . nominal defendant in any reasonably foreseeable way." *Id.* Barriskill asserts that both 37th Parallel and Doty are nominal parties, but he is only half correct.

### 1. 37th Parallel

"[I]n a dispute between owners of an LLC regarding their respective ownership and control of the company, the LLC is a nominal party." *Mortenson Family Dental Ctr., Inc. v. Heartland Dental Care, Inc.*, 526 F. App'x 506, 508–09 (6th Cir. 2013) ("The real dispute in this

case is between [the owners of the LLC]. The LLC is only a spectator on the sideline. That it will give a trophy to the winner does not make it a player in the game."). Regardless of the ownership percentages of the members Chamberlain, Doty, and Barriskill, 37th Parallel will not own any more or any less property or equity at the conclusion of the matter. 37th Parallel has "no immediately apparent stake in the litigation either prior or subsequent to the act of removal." *See Hartford Fire*, 736 F.3d at 260. This "suit can be resolved" without affecting 37th Parallel "in any reasonably foreseeable way." *See id.* Accordingly, 37th Parallel is a nominal party, and the Court will ignore its citizenship for purposes of diversity jurisdiction.

### 2. Chad Doty

Barriskill says that "Doty is not adversarial to any dispute and agrees with everything that Chamberlain alleges in his complaint." (Dk. No. 16 at 7.) In other words, Doty wants Chamberlain to win the case. But whether Barriskill's allegations prove true, they remain irrelevant to whether Doty is a nominal party. *See Hartford Fire*, 736 F.3d at 260. Chamberlain initiated this suit to determine his ownership percentage of 37th Parallel. He obtained his eighteen-percent ownership of 37th Parallel by way of a reduction in Barriskill and Doty's ownership percentages. If Chamberlain succeeds in his declaratory judgment action, Doty will remain owning thirty-six percent of 37th Parallel. But if the defendants succeed in this action, Barriskill and Doty's ownership interests would expand to forty-five percent each. Doty has an immediate and apparent stake in the litigation—a nine percent swing in ownership of 37th Parallel—and is therefore not a nominal party. *See id.*

### B. Fraudulent Joinder

The doctrine of fraudulent joinder allows a district court to "disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case,

dismiss the nondiverse defendants, and thereby retain jurisdiction" when the plaintiff improperly names a nondiverse defendant as a party before removal. *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). The doctrine applies where "there has been outright fraud in the plaintiff's pleading of jurisdictional facts," or where "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (citation omitted). "The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Id.* at 232–33.

Barriskill has not shown outright fraud in Chamberlain's pleading of jurisdictional facts against Doty, and he cannot show there is no possibility that Chamberlain could establish a cause of action against Doty. *Marshall*, 6 F.3d at 232. Chamberlain seeks a declaration that Doty and Barriskill, as managing members of 37th Parallel, executed the Unanimous Consent Resolution and the Amended and Restated Operating Agreement, making Chamberlain an owner, officer, and manager of 37th Parallel. Because Doty is a signatory to the agreements on which Chamberlain bases his claims, it is possible that Chamberlain could "establish a cause of action" in his declaratory judgment action against Doty. *See Marshall*, 6 F.3d at 232. Barriskill has thus not met his burden to show Chamberlain fraudulently joined Doty.

### C. Realignment

A court can save diversity jurisdiction if it can realign the parties according to their true interests, and if, as realigned, the parties are diverse. *See U.S. Fid. & Guar. Co. v. A & S Mfg. Co.*, 48 F.3d 131, 133 (4th Cir. 1995). Parties cannot invoke diversity jurisdiction by their "own determination of who are plaintiffs and who defendants." *City of Indianapolis v. Chase Nat'l*

*Bank of City of New York*, 314 U.S. 63, 69 (1941). It is the duty of a court "to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute.'" *Id.* (quoting *Dawson v. Columbia Ave. Sav. Fund, Safe Deposit, Title & Trust Co.*, 197 U.S. 178, 180 (1905)).

The "principal purpose test" is the appropriate standard to apply in deciding whether to realign the parties. *U.S. Fid. & Guar. Co.*, 48 F.3d at 133. Under this test, a court must conduct a two-step analysis:

> First, the court must determine the primary issue in the controversy. Next, the court should align the parties according to their positions with respect to the primary issue. If the alignment differs from that in the complaint, the court must determine whether complete diversity continues to exist.

*Id.* When applying this test, courts should not expand the reach of diversity jurisdiction, instead comporting "with the mandate that courts carefully confine their diversity jurisdiction to the precise limits that the jurisdictional statute, pursuant to Article III, has defined." *Id.*

Applying the "principal purpose test" here, the Court must first determine the primary issue in the controversy. The primary issue in this controversy is Chamberlain's ownership interest in 37th Parallel. Chamberlain's principal purpose is to obtain a declaration that Doty and Barriskill, as Managing Members of 37th Parallel, executed the Unanimous Consent Resolution and the Amended and Restated Operating Agreement, making Chamberlain an owner, officer, and manager of 37th Parallel. When Chamberlain bought into 37th Parallel, he entered into the Membership Interest Purchase Agreement as the "buyer" on one side, and Barriskill and Doty entered into the agreement collectively as the "sellers" on the other side. If Chamberlain prevails, he continues to own eighteen percent of 37th Parallel. If he does not, Doty and Barriskill's ownership interests increase from thirty-six percent to forty-five percent. Even though Doty claims to be sympathetic to Chamberlain, he stands to gain from Chamberlain's loss

in this case. Accordingly, the Court finds Doty and Chamberlain are adverse as to their ownership interests in 37th Parallel.

Thus, the parties are properly aligned as set out in the complaint. As discussed above, the primary dispute is between Chamberlain on one side, and Barriskill and Doty on the other. Doty's inherent conflict between Chamberlain and Barriskill's dueling ownership interests cautions this Court from realigning Doty as a plaintiff with Chamberlain. *See, e.g., Tune, Entrekin & White, P.C. v. Magid*, 220 F. Supp. 2d 887, 892 (M.D. Tenn. 2002) ("Given that federal jurisdiction and removal statutes are supposed to be strictly construed, the Court should err in favor of remanding and allowing the state court to either decide the case or realign the parties."). Because Chamberlain and Doty are both citizens of Virginia and are properly aligned as plaintiff and defendant, respectively, complete diversity does not exist. Accordingly, this Court lacks subject matter jurisdiction in the case.

### III. CONCLUSION

The Court finds that the defendant Doty is not a nominal party, has not been fraudulently joined, and is properly aligned as a defendant in this matter. Complete diversity does not exist among the parties. Accordingly, the Court REMANDS this case to the Henrico County Circuit Court.

The Court will enter an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: April 29, 2015
Richmond, Virginia

/s/ 
John A. Gibney, Jr.
United States District Judge